IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

01 FEB 16 AM 8:50

U.S. D_____ COURT
N.D. OF ALABAMA

TENNESSEE VALLEY
AUTHORITY,

        Plaintiff,

v.                                         Civil Action No. CV-00-J-2480-S

SHEILA F. HARRIS,

        Defendants.

ENTERED

**MEMORANDUM OPINION**     FEB 16 2001

 

     This cause comes before this court on plaintiff's motion for summary judgment (doc. 7).  Plaintiff brought this action to recover the amount of a loan plaintiff made to defendant and her husband for installing a heating and cooling system at defendant's business, "That T-Shirt Place".  Plaintiff alleges that defendant has failed to make the installment payments on the loan as they became due.  Plaintiff claims it is entitled to recover $10,096.89 which includes principal, interest and late charges.

     Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477

14

U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial.  In such a situation, there can be no genuine issue
> as to any material fact, since the complete failure of proof concerning an
> essential element of the non-moving party's case necessarily renders all
> other facts immaterial.

*Celotex Corp.,*  477 U.S. at 322-23.  The party moving for summary judgment always

bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of  the pleadings or filings which it believes demonstrates the

absence of a genuine issues of material fact.  *Id.* at 323.  The burden then shifts to the

non-moving party to "go beyond the pleadings and by ... affidavits, or by the

'depositions, answers to interrogatories, and admissions on file' designate 'specific facts

showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ.

Pro. 56(e).  In meeting this burden the non-moving party "must do more than simply

show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that

there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see*

*also Anderson*, 477 U.S. at 249.  The non-movant must "demonstrate that there is indeed

a material issue of fact precluding summary judgment." *Clark v.  Coats & Clark, Inc.*,

929 F.2d 604, 608 (11th Cir.1991).  A factual dispute regarding a non-material issue will

not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11ᵗʰ Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11ᵗʰ Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11ᵗʰ Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

Attached to plaintiff's complaint is a copy of the agreement between it and defendant and her husband Clovis Harris (doc. 1, Exhibit 1). Said agreement is signed by both Clovis Harris and defendant. The agreement is between TVA and "Clovis B.

3

Harris, Jr. and Sheila F. Harris".  The terms of the agreement are for a loan in the principal amount of $8,838.00, to be repaid in 120 monthly installments, at the interest rate of 10.25% per year.  The parties also entered into a collateral agreement for a Heat system pump located at 1701 Pinson Street, Tarrant, Alabama.  Clovis and Sheila Harris are the listed owners of the listed realty.

Sheila Harris filed an answer to this complaint and admitted that her signature appears on plaintiff's Exhibit 1.  Defendant has failed to respond to plaintiff's motion for summary judgment despite this court ordering her to do so (doc. 13).  In her answer defendant asserts that her "former husband took the obligation of the payment of this debt, and was ordered to do so by the Circuit Court of Jefferson County, Case No. DR-95-264-JCC" (doc. 3).

Defendant has not submitted a copy of her divorce decree to the court.  However, assuming the decree does limit the debt liability to Clovis Harris, such decree cannot limit TVA's right to recover from Sheila Harris because there is no evidence that TVA was a party to the divorce action. *United States v. Brown*, 928 F.Supp. 1093, 1095 (M.D. Ala. 1996).  A party is not bound by litigation to which it is not a party. *Richards v. Jefferson County, Alabama,* 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996). Defendant has filed no response to plaintiff's motion for summary judgment disputing the amount owed of $10,096.89.

Based on the foregoing the court finds no dispute as to a material fact.  Therefore plaintiff's motion for summary judgment (doc. 7) is hereby **GRANTED**.  Judgment is

4

rendered in favor of plaintiff and against the defendant in the amount of $10,096.89 plus interest and costs.

DONE and ORDERED this _16_ day of February, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE